IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THE SATANIC TEMPLE, INC.                                                                                   PLAINTIFF

V.                                         CASE NO. 5:22-CV-5033-TLB

LAMAR MEDIA COMPANY
LAMAR ADVANTAGE GP COMPANY, LLC and
LAMAR ADVANTAGE HOLDING COMPANY                                                  DEFENDANTS

### DEFENDANTS' MOTION TO DISMISS

Lamar Advantage GP Company, LLC, Lamar Advantage Holding Company, and Lamar Media Corp.,[1] for their motion to dismiss, state:

1. In August 2020, The Satanic Temple unveiled a "Satanic Abortion Ritual," which it believes allows its members to claim a religious exemption from state laws that regulate abortions. Am. Compl. (Doc. 3) ¶¶ 12–13.

2. The Satanic Temple sought to advertise to "spread awareness" of the ritual and its alleged ability to "avert[] many state restrictions" on abortion. *Id.* at ¶ 12.

3. It therefore "engaged a marketing firm called SeedX, Inc. to design and place billboards about [The Satanic Temple] and its abortion ritual." *Id.* at ¶ 36.

4. Seed contracted with Lamar Advantage GP Company, LLC to place billboards regarding the ritual in Indiana and Arkansas. Am. Compl. Ex. 1 (Doc 3-1).

5. Lamar Advantage GP Company, LLC and its affiliates do not object to displaying billboards carrying The Satanic Temple's imagery and messaging. The Satanic Abortion Ritual

---

[1] Lamar Media Corp. is not listed as a party in the caption or referenced in the body of the Amended Complaint. "Lamar Media Company" is, however, included in the caption, and the complaint also references "Lamar Media Corporation." A summons was issued to Lamar Media Corp., and Lamar Media Corp. therefore joins in the motion to dismiss out of an abundance of caution and to the extent that it has been properly named as a party to this action.

1

designs proposed to Lamar Advantage GP Company, LLC, however, were misleading and offensive because they suggested that participants could disregard state law. They were, therefore, rejected by Lamar Advantage GP Company, LLC.

6. The Satanic Temple now brings claims against Lamar Advantage GP Company, LLC, as well as its Arkansas affiliate, Lamar Advantage Holding Company, and its parent, Lamar Media Corp.

7. The Satanic Temple seeks to invoke this Court's diversity jurisdiction. This Court, however, lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. The amended complaint should, therefore, be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

8. The amended complaint should also be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not a proper venue for The Satanic Temple's claims.

9. Further, this Court lacks personal jurisdiction over Lamar Advantage GP Company, LLC and Lamar Media Corp., and the claims against them should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

10. An affidavit of Hal Kilshaw is attached as Exhibit 1 and incorporated by reference.

11. A brief in support of this motion is being filed with this motion and is incorporated by reference.

WHEREFORE, Lamar Advantage GP Company, LLC, Lamar Advantage Holding Company, and Lamar Media Corp. pray that the Court (1) dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and improper venue, (2) in the alternative, dismiss the claims against Lamar Media

Corp. and Lamar Advantage GP Company, LLC for lack of personal jurisdiction, and (3) grant them all other relief to which they are entitled.

        Respectfully Submitted,

        Michael N. Shannon (Ark. Bar No. 92186)
        Sarah Keith-Bolden (Ark. Bar No. 2007135)
        **QUATTLEBAUM, GROOMS & TULL PLLC**
        111 Center Street, Suite 1900
        Little Rock, AR 72201
        Phone: 501-379-1700
        Fax: 501-379-1701
        sbolden@qgtlaw.com

        *Counsel for Lamar Media Corp.,*
        *Lamar Advantage GP Company, LLC, and*
        *Lamar Advantage Holding Company*