**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**THE SATANIC TEMPLE, INC.**                                        **PLAINTIFF**

**V.**                            **CASE NO. 5:22-CV-5033-TLB**

**LAMAR MEDIA COMPANY
LAMAR ADVANTAGE GP COMPANY, LLC and
LAMAR ADVANTAGE HOLDING COMPANY**            **DEFENDANTS**

**ANSWER TO AMENDED COMPLAINT
WITH JURY DEMAND**

Lamar Advantage GP Company, LLC ("Lamar (Indiana)") and Lamar Advantage Holding Company ("Lamar (Arkansas)") (collectively "Defendants"), for their answer to plaintiff's amended complaint, state:

1. Defendants admit Lamar (Arkansas) and Lamar (Indiana) are Delaware limited liability companies. Defendants deny that there is an entity with the name "Lamar Media Company." Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is a Massachusetts religious corporation. Defendants deny that Plaintiff has sufficiently alleged that it has incurred any damages, let alone damages that exceed $75,000. Defendants deny that this Court has jurisdiction over the subject matter and persons of this cause. Defendants specifically deny that this court has personal jurisdiction over Lamar (Indiana). Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit that this Court has personal jurisdiction over Lamar (Arkansas). Defendants deny that this Court has personal jurisdiction over Lamar (Indiana).

3. Defendants deny the allegations in paragraph 3 of the amended complaint.

1

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the amended complaint.

5. Defendants deny the allegations in paragraph 5 of the amended complaint.

6. Defendants deny that there is an entity named "Lamar Media Corporation." To the extent that paragraph 6 of the amended complaint alleges that Lamar Media Corp. is a publicly traded corporation, defendants deny those allegations. To the extent that paragraph 6 of the amended complaint alleges that Lamar Media Corp. is a corporation organized under the laws of Delaware with its principal place of business in Baton Rouge, Louisiana, Defendants admit those allegations. Defendants state that the screenshot from Lamar Advertising Company's website speaks for itself. Defendants specifically deny that they have a monopoly on every billboard in plaintiff's suitable advertising area. Lamar (Arkansas) denies that it had a contract with TST to erect billboards in Arkansas and Indiana. The contract attached to the original complaint is between SeedX and Lamar (Indiana) and speaks for itself. To the extent that there are any other allegations in paragraph 4, Defendants deny those allegations.

7. Defendants admit that Lamar (Arkansas) is a Delaware limited liability company and a direct or indirect subsidiary of Lamar Media with its principal place of business in Little Rock, Arkansas.

8. Defendants admit that Lamar (Indiana) is a Delaware limited liability company and direct or indirect subsidiary of Lamar Media. Defendants admit that no member of Lamar (Indiana) is a resident of Massachusetts. Defendants admit that Lamar (Indiana) is not licensed to and does not do business in Arkansas.

9. Defendants admit that Arkansas and Indiana regulate abortion procedures.

10.     Defendants admit that Arkansas and Indiana have the statutes referenced in paragraph 10 of the amended complaint, but to the extent that paragraph 10 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those and any remaining allegations. The statutes cited in paragraph 10 speak for themselves.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the amended complaint.

12.     Paragraph 12 of the amended complaint does not contain factual allegations that require an admission or denial by Defendants; however, to the extent that paragraph 12 can be construed as factual allegations against Defendants, Defendants deny those allegations.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the amended complaint.

14.     Defendants deny that TST entered into an advertising contract with "Lamar." Defendants state that the contract between Lamar (Indiana) and SeedX speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to TST's purposes with respect to the contract between Lamar (Indiana) and SeedX. Defendants deny any remaining allegations in paragraph 14 of the amended complaint.

15.     Paragraph 15 of the amended complaint does not contain factual allegations that require an admission or denial by Defendants; however, to the extent that paragraph 15 can be construed as factual allegations against Defendants, Defendants deny those allegations.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the amended complaint.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the amended complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the amended complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the amended complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the amended complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the amended complaint.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the amended complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the amended complaint.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the amended complaint.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the amended complaint.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the amended complaint.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the amended complaint.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the amended complaint.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the amended complaint.

30. Paragraph 30 of the amended complaint does not contain factual allegations that require an admission or denial by Defendants; however, to the extent that paragraph 30 can be construed as factual allegations against Defendants, Defendants deny those allegations.

31. Paragraph 31 of the amended complaint does not contain factual allegations that require an admission or denial by Defendants; however, to the extent that paragraph 31 can be construed as factual allegations against Defendants, Defendants deny those allegations.

32. Paragraph 32 of the amended complaint does not contain factual allegations that require an admission or denial by Defendants; however, to the extent that paragraph 32 can be construed as factual allegations against Defendants, Defendants deny those allegations.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the amended complaint.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the amended complaint.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the amended complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the amended complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the amended complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the amended complaint.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the amended complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the amended complaint.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the amended complaint.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the amended complaint.

43. Defendants deny the allegations in paragraph 43.

44. Lamar (Indiana) admits that a phone call occurred between Ms. Basulto and Mr. Hill but specifically denies that Ms. Basulto informed Lamar (Indiana) of the true nature of the ad copy that was ultimately presented by Ms. Basulto. Defendants further deny that any of the matters set forth in paragraphs 4 and 9 through 42 of the amended complaint were discussed with anyone at Defendants.

45. Defendants admit that subsidiaries of Lamar Media Corp. have worked with TST in the past but states that the ad copy in previous transactions was substantially and significantly different than what TST presented to Lamar (Indiana) in September of 2020. Defendants deny the remaining allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Lamar (Indiana) admits that Tom Hill received an email from Jacqueline Basulto. Defendants state that the email speaks for itself. Defendants admit that one or more subsidiaries

6

of Lamar Media Corp. have displayed "Past Design 1." Defendants deny any other allegations in paragraph 48 of the amended complaint.

49. Defendants admit that one or more subsidiaries of Lamar Media Corporation have displayed "Past Design 2."

50. Lamar (Indiana) admits that it communicated with Ms. Basulto on September 4, 2020. Lamar (Arkansas) denies the allegations in paragraph 50 of the amended complaint. Defendants deny any other allegations in paragraph 50 of the amended complaint.

51. Paragraph 51 is a conclusion of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 51 can be construed as factual allegations against Defendants, Defendants deny those allegations. Defendants state that Exhibit 1 speaks for itself. Defendants also state that the contract was subject to Lamar (Indiana)'s acceptance of the copy and design presented for display.

52. Defendants state that the contract speaks for itself. Defendants deny any other allegations in paragraph 52 of the amended complaint.

53. Paragraph 53 is a conclusion of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 53 can be construed as factual allegations against Defendants, Defendants deny those allegations.

54. Defendants state the contract speaks for itself. Defendants deny any other allegations in paragraph 54.

55. Defendants state that Exhibit 3 and Exhibit 4 to the amended complaint speak for themselves. Defendants deny any other allegations in paragraph 55.

56. Paragraph 56 is a conclusion of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 56 can be construed as factual allegations against Defendants, Defendants deny those allegations.

57. Defendant states that the email communication referenced in paragraph 57 of the amended complaint speaks for itself.

58. Defendants state that Exhibit 5 to the amended complaint speaks for itself and deny that the communication expresses a desire to reject the forthcoming designs because of TST's religious identity.

59. Defendants deny the allegations in paragraph 59 of the amended complaint.

60. Defendants acknowledge that Ms. Basulto sent links to the five (5) designs attached hereto as Exhibit 1. Each of those designs contained language such as "THE SATANIC ABORTION RITUAL PERMITS FIRST TRIMESTER ABORTIONS ON DEMAND." *Id.*

61. Defendants state the emails referenced in paragraph 61 of the amended complaint speak for themselves.

62. Defendants state that Exhibit 7 to the amended complaint speaks for itself.

63. Defendants deny the allegations in paragraph 63 of the amended complaint.

64. Defendants state that Exhibit 8 to the amended complaint speaks for itself and deny that Plaintiff has correctly characterized the email in question.

65. Defendants state that Exhibit 9 to the amended complaint speaks for itself.

66. Defendants state that Exhibit 10 to the amended complaint speaks for itself and deny that plaintiff has correctly characterized the communications in question.

67. Defendants deny the allegations in paragraph 67 of the amended complaint.

68. Defendants admit that an email was sent to Ms. Basulto indicating that the proposed designs were rejected. Defendants deny any other allegations in paragraph 68 of the amended complaint.

69. Defendants admit the allegations in paragraph 69 of the amended complaint and state affirmatively that each proposed design included the phrase "OUR RELIGIOUS ABORTION RITUAL AVERTS MANY STATE RESTRICTIONS."

70. Defendants deny the allegations in paragraph 70.

71. Lamar (Indiana) admits that it rejected the submitted designs and did not share any written policies regarding criteria for approving billboard messaging with Ms. Basulto. Lamar (Arkansas) lack information or knowledge sufficient to form a belief about the truth of these allegations. Defendants deny the remaining allegations in paragraph 71.

72. Lamar (Indiana) admits that on September 22, 2020, Jacqueline Basulto exchanged emails with Tom Hill. Lamar (Arkansas) lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the amended complaint. Defendants state that the emails speak for themselves. Defendants deny all other factual allegations in paragraph 72 of the amended complaint.

73. Lamar (Indiana) admits the allegations in paragraph 73. Lamar (Arkansas) lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 73 of the amended complaint. Defendants state that the emails speak for themselves.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the amended complaint.

75. Defendants deny the allegations in paragraph 75.

76. Defendants state that Exhibit 11 speaks for itself. To the extent that there are other allegations in paragraph 76 of the amended complaint, Defendants deny those allegations.

77. Defendants state that Exhibit 11 speaks for itself. To the extent that there are other allegations in paragraph 77 of the amended complaint, Defendants deny those allegations.

78. Defendants state that Exhibit 11 speaks for itself. Paragraph 78 of the amended complaint states conclusions of law that do not require an admission or denial from Defendants; however, to the extent that paragraph 78 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

79. Defendants state that Exhibit 11 speaks for itself. To the extent that there are other allegations in paragraph 79 of the amended complaint, Defendants deny those allegations.

80. Lamar (Indiana) admits that Jason Graham told Ms. Basulto that it was canceling the contract pursuant to paragraph 6 of the contract. Lamar (Arkansas) lacks information or knowledge sufficient to form a belief about the truth of the allegations regarding Mr. Graham's communication with Ms. Basulto. To the extent that there are other allegations in paragraph 80 of the amended complaint, Defendants deny those allegations.

81. Defendants deny the allegations in paragraph 81.

82. Defendants state that Exhibit 12 to the amended complaint speaks for itself. Defendants deny that TST has accurately characterized the contents of Exhibit 12.

83. Defendants state that Exhibit 12 to the amended complaint speaks for itself.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants admit the allegations in paragraph 87.

88. Defendants deny the allegations of paragraph 88 and state that any conversations between counsel were governed by Federal Rule of Evidence 408.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of the amended complaint.

90. Defendants admit that Ashby was acquired but state that the allegations are based on the false premise contained in paragraph 88 of the amended complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 90 of the amended complaint.

91. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of the amended complaint.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 of the amended complaint.

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of the amended complaint.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the amended complaint.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 of the amended complaint.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of the amended complaint.

97. Defendants deny the allegations in paragraph 97 of the amended complaint.

98. Defendants state that any conversations between counsel were governed by Federal Rule of Evidence 408. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 98 of the amended complaint.

99. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the amended complaint regarding TST's search for a billboard and purchase of a billboard in Phoenix, Arizona. Defendants deny the remaining allegations in paragraph 99 of the amended complaint.

100. Defendants admit the allegations in paragraph 100 of the amended complaint.

101. Defendants deny the allegations in paragraph 101 of the amended complaint.

102. Paragraph 102 of the amended complaint states conclusions of law that do not require an admission or denial from Defendants; however, to the extent that paragraph 102 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

103. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103. Defendants deny that the statements on the designs are religious beliefs or religious in nature and even if they were, they advocated for the ability to avoid valid state laws and regulations.

104. Defendants admit that TST Designs 1-4 included TST's iconography. Defendants deny the remaining allegations in paragraph 104 of the amended complaint.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny that plaintiff is entitled to any relief from this Court. Defendants deny that plaintiff has sufficiently alleged damages that exceed $75,000.

112. Defendants state that Exhibit 1 to the original complaint speaks for itself. Defendants admit that a contract existed between SeedX and Lamar (Indiana). Defendants deny that a contract existed between Defendants and plaintiff. Defendants deny any remaining allegations in paragraph 112.

113. Paragraph 113 of the amended complaint is a statement of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 113 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

114. Defendants deny the allegations in paragraph 114.

115. Paragraph 115 of the amended complaint is a statement of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 115 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118

119. Paragraph 119 of the amended complaint is a statement of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 119 of the amended

complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

120.   Defendants deny the allegations in paragraph 120.

121.   Defendants deny the allegations in paragraph 121.

122.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of the amended complaint.

123.   Defendants deny the allegations in paragraph 123.

124.   Defendants deny the allegations in paragraph 124.

125.   Defendants deny the allegations in paragraph 125.

126.   Defendants deny that plaintiff is entitled to any relief from this Court.

127.   Defendants deny that plaintiff is entitled to any relief from this Court.

128.   Paragraph 128 of the amended complaint is a statement of law that does not require an admission or denial from Defendants; however, to the extent that paragraph 128 of the amended complaint can be construed as factual allegations against Defendants, Defendants deny those allegations.

129.   Defendants deny the allegations in paragraph 129.

130.   Defendants deny that plaintiff is entitled to any relief from this Court.

131.   Defendants deny the allegations in paragraph 131.  Defendants deny that plaintiff is entitled to any relief.

132.   Defendants deny the allegations in paragraph 132.

133.   Defendants deny the allegations in paragraph 133.

134.   Defendants deny the allegations in paragraph 134.

135.   Defendants deny the allegations in paragraph 135.

136.   Defendants deny the allegations in paragraph 136.

137.   Defendants deny that plaintiff is entitled to specific performance or any other relief from this Court.

138.   Defendants deny every allegation in the amended complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

139.   Defendants affirmatively state that the amended complaint fails to state a claim upon which relief can be granted and, therefore, that it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, including but not limited to because plaintiff has not alleged the existence of any contract between plaintiff and any defendant.

140.   Defendants affirmatively state that the amended complaint names separate entities but continuously refers to "Lamar" as a single entity such that neither Lamar (Indiana) nor Lamar (Arkansas) knows against whom factual allegations are asserted.

141.   Lamar (Indiana) affirmatively state that this Court does not have personal jurisdiction over it, and, therefore, this amended complaint against Lamar Advantage GP Company, LLC should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

142.   Defendants affirmatively state that the amended complaint does not allege that Defendants took any action in Arkansas with respect to the contract.

143.   Defendants affirmatively state that the proposed designs SeedX sent to Lamar (Indiana) were not made a part of the amended complaint.  Exhibit 1, attached hereto and incorporated by reference herein, contains the original design proposals SeedX sent to Lamar (Indiana).

144. Defendants affirmatively state that paragraph 6 of the contract between SeedX and Lamar (Indiana) provided that "Lamar reserves the right to determine if copy and design are in good taste and within the moral standards of the individual communities in which it is to be displayed." *See* Exhibit 1 to plaintiff's amended complaint.

145. Defendants affirmatively state that SeedX's representations to Lamar (Indiana) about the proposed designs constituted material misrepresentations. If not for these misrepresentations, Lamar (Indiana) would have never agreed to the contract at issue in this case.

146. Defendants affirmatively state that Arkansas Code Annotated § 16-123-107 as applied to Defendants violates Defendants' First Amendment, as incorporated by the Fourteenth Amendment, right to be free from compelled speech.

147. Defendants affirmatively state that Arkansas Code Annotated § 16-123-107 as applied to Defendants violates Defendants' free speech rights under article 2, section 6 of the Constitution of Arkansas.

148. Defendants affirmatively state that it cannot be forced to display false or misleading advertisements and/or advertisements that encourage ignoring state laws and/or regulations.

149. Defendants affirmatively state that its "actions were based on legitimate, nondiscriminatory factors and not on unjustified reasons." Ark. Code Ann. §16-123-103(c).

150. Defendants affirmatively assert that plaintiff has failed to name SeedX, which is a required party under Rule 19 of the Federal Rules of Civil Procedure.

151. To the extent plaintiff attempts to hold each defendant liable for more than its independent and several share of liability under the Arkansas Civil Rights Act, if any, which right of recovery is specifically denied, then Lamar (Arkansas) and Lamar (Indiana) affirmatively and alternatively plead the applicability of the Arkansas Uniform Contribution Among Joint

Tortfeasors Act, Arkansas Code Annotated § 16-61-201 et seq., as amended, including Act 1116 of 2013, Acts of Arkansas, and requests an apportionment of fault, contribution and/or indemnity from and against all entities at fault for plaintiff's alleged injuries as may be set forth more fully herein and in subsequent pleadings.

152. Pleading in the alternative, Defendants states that all damages claimed by plaintiff should be reduced in whole or in part due to the comparative fault of all persons who contributed to the harm claimed by plaintiff, including the non-parties to this case over which defendants had no control. Pursuant to Act 1116 of 2013, Acts of Arkansas, including Ark. Code Ann. §§ 16-61-201 and 16-61-202, defendants have the right to, and do hereby, assert the fault of all appropriate non-parties pursuant to the substantive law in Arkansas. Any denial of each defendant's substantive right to only be held responsible in direct proportion to the percentage of fault that may have caused and the corollary right to introduce evidence of non-party fault, violates Defendants' due process right to a fair trial and the right to introduce evidence under the Constitutions of both the United States and Arkansas. The Court is required to permit Defendants to employ the full benefit of its rights by adopting an appropriate procedural process if it deems a process or procedure is required beyond raising the fault of another in a pleading or by motion in this matter.

153. Plaintiff's injuries or damages, if any, were caused by intervening fault or negligence on the part of non-parties and in order to preserve Defendants' right to be liable only for its separate, individual several share, the jury should be allowed to assess their fault pursuant to the Civil Justice Reform Act of 2003, including Ark. Code Ann. §§ 16-55-201 and 16-55-202, Act 1116 of 2013, Acts of Arkansas, including Ark. Code Ann. §§ 16-61-201 and 16-61-202.

154. If plaintiff has settled or should settle for any of the alleged injuries and damages with any other entity, including non-parties to this action, then Defendants are entitled to a credit

and offset for the amount of the settling parties' allocated percentage of fault or, pleading in the alternative, for the amount of said settlement, pursuant to the Civil Justice Reform Act of 2003, including Ark. Code Ann. §§ 16-55-201 and 16-55-202, and Act 1116 of 2013, Acts of Arkansas, including Ark. Code Ann. §§ 16-61-201, 16-61-202 and 16-61-204.

155.   Defendants reserve all defenses available to them under Fed. R. Civ. P. 12.

156.   Defendants request a jury trial.

WHEREFORE, Defendants Lamar Advantage GP Company, LLC and Lamar Advantage Holding Company request that the Court dismiss plaintiff's amended complaint with prejudice and grant Defendants all other proper relief.

> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street, Suite 1900
> Little Rock, Arkansas 72201
> Telephone: (501) 379-1700
> Facsimile: (501) 379-1701
> mshannon@qgtlaw.com
> sbolden@qgtlaw.com
>
> By: /s/ Sarah Keith-Bolden
>    Michael N. Shannon (92168)
>    Sarah Keith-Bolden (2007235)
>
> *Attorneys for Defendants*