# 5:22-CV-5033-TLB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**The Satanic Temple**, Inc.
*Plaintiff*

*v.*

Lamar Media Corp.; Lamar Advantage GP Company, LLC; Lamar Advantage Holding Company
*Defendants.*

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT



**Matt Kezhaya**  
Ark. # 2014161  
Minn. # 0402193

matt@crown.law  
direct: (479) 431-6112  
general: (612) 276-2216

100 S. Fifth Street, Suite 1900, Minneapolis, MN 55402

### Plaintiff's Reply to Defendant's response to Plaintiff's Motion for leave to file amended complaint

**Comes now** Plaintiff, The Satanic Temple, pursuant to its motion for leave to file a reply, with its reply to Defendants' response to Plaintiff's motion for leave to file an amended complaint.

### Statement of Material Facts

On January 26, during a phone call with counsel for Defendants, Plaintiff realized that it had relied on an outdated and incorrect document while preparing its Second Amended Complaint. See Aff. William Rohla, dated January 27, 2023 at ¶ 4. Plaintiff's intention was to Amend its current complaint, filed as Docket Entry #3, to modify only the caption of the case. *Id* at ¶ 2. Pursuant to this Court's order dated December 6, 2022, Plaintiff amended its complaint to remove Lamar Media Corp. as a defendant and replace them with Lamar Advertising Company. (Doc. 30). The word version Plaintiff had on file did not match the complaint Plaintiff filed. *Id* at ¶ 6.

ARGUMENT

*1.1: Plaintiff's Motion is timely.*

In its response, Defendant argues that Plaintiff's reply is untimely. This argument should be disregarded. In its order dated December 6, 2022, this Court stated that Plaintiff incorrectly named Lamar Media Corp. as a defendant, when the proper defendant should have been Lamar Advertising Company. (Doc 30 at p.22). This Court also noted that Plaintiff's mistake was "an understandable error given the layers of wholly owned subsidiaries and complicated corporate structure." *Id*. Finally, this Court stated that "To the extent this is correct, TST may seek leave to name Lamar Advertising Company as a Defendant." *Id*. Defendants argue that the current scheduling order states that the deadline to amend pleadings expired on September 14, 2022. (Doc. 35 at ¶ 1.) The Federal Rules of Civil Procedure provide that "each federal court has inherent power to control its own docket or calendar." CJS FEDCIVPROC § 976. Clearly the Court was aware of the September 14, 2022 deadline in its scheduling order when it issued its December 6, 2022

Order wherein the Court invited Plaintiff to Amend its complaint to name the correct Defendant. For this reason alone, the Court should disregard Defendants' argument that Plaintiff's motion requesting leave to Amend its complaint is untimely. Plaintiff filed its motion for leave to Amend on January 13, 2023. Considering that Defendants filed their Answer to Plaintiff's First Amended Complaint on December 16, 2022, a delay of approximately five weeks between the Court's order and Plaintiff's motion is reasonable.

### 1.2: *Plaintiff complied with Local Rule 5.5.*

Plaintiff filed its motion for leave to Amend on January 13, 2022. (Doc. 33-0). Plaintiff then filed an amended motion which included the proposed amended complaint as required by Local Rule 5.5. (Doc. 33-1). See also, Aff. William Rohla at ¶ 3. Plaintiff submitted both its original motion and its amended motion submitted to comply with Local Rule 5.5 before Defendants filed its response. Plaintiff is at a loss to discern how Defendants could possibly suffer prejudice with respect to this issue. For this reason, Defendants'

argument that Plaintiff somehow failed to comply with Local Rule 5.5 should be disregarded.

### 1.3:  *Plaintiff submitted the wrong document.*

As William Rohla explains in his affidavit, Plaintiff attached the wrong document to both its original and its amended motion requesting leave to amend its complaint. Plaintiff's digital file did not include a Microsoft Word version of its Amended complaint on file (Doc 3). Mr. Rohla was unaware of this and made the reasonable mistake of assuming the word version in Plaintiff's file matched the amended complaint filed with the Court. (Aff. William Rohla at ¶ 6. As Plaintiff stated in its motion seeking leave to amend, Plaintiff intended only to "remove Lamar Media Corp as a party and add Lamar Advertising Company as a party in its place." (Doc. 33 at p. 2). The numerous discrepancies between that request and the changes outlined by Defendants in their response are understandable considering Plaintiff's error in attaching the wrong document to its motion. To that end, Plaintiff now seeks to correct it's

understandable and harmless error. Attached to this motion is a copy of Plaintiff's proposed Second Amended Complaint. Aff. of William Rohla at Ex. 1. This version is identical to Plaintiff's First Amended Complaint (doc. 3) with the exception of the case caption. That caption has been changed to remove Lamar Media Corp as a Party and add Lamar Advertising Company as a party in its place. No other changes to Doc 3 were made.

With the correct document in hand, Defendants argument that it is prejudiced due to the changes in Plaintiff's Second Amended Complaint should be moot. Defendants have been on notice since December 6, 2022 that they could expect for Lamar Media Company to be a named Defendant in this action. Plaintiff cannot imagine a scenario where such a change imposes an undue burden on Defendants.

To that end, Plaintiff respectfully requests that this Court disregard the Second Amended Complaint which was submitted along with Plaintiff's January 17 motion. (Doc 33). In its stead, Plaintiff respectfully requests that this Court accept Plaintiff's corrected

Second Amended Complaint submitted in accompaniment with this reply. Further, Plaintiff respectfully requests that this Court disregard Defendants' objections to Plaintiff's motion for leave to amend its complaint. Finally, Plaintiff respectfully requests that this Court grant Plaintiff's motion for leave to amend and accept Plaintiff's Second Amended Complaint (corrected).

Respectfully Submitted on January 27, 2023, by:



| **Matt Kezhaya** | matt@crown.law |
|---|---|
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0402193 | general: (612) 276-2216 |

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

### Certificate of service

I, Matthew A. Kezhaya, e-filed a copy of this document by uploading it to the Court's CM/ECF system on January 27, 2023, which sends service to registered users, including all other counsel of record in this cause. */s/ Matthew A. Kezhaya*