IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**THE SATANIC TEMPLE, INC.**                                               **PLAINTIFF**

**V.**                      **CASE NO. 5:22-CV-5033-TLB**

**LAMAR ADVANTAGE GP COMPANY, LLC and**
**LAMAR ADVANTAGE HOLDING COMPANY**               **DEFENDANTS**

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff The Satanic Temple, Inc. and defendants Lamar Advantage GP Company, LLC and Lamar Advantage Holding Company (collectively, the "Parties") contemplate that discovery in the above-referenced action will involve the exchange of information and the production of documents and other materials that may contain information of a confidential or proprietary nature, which information, if made public, could work a clearly defined, serious injury to a party. As a result, the Parties agree to the following Confidentiality Agreement and Protective Order that shall govern confidentiality of documents and information produced in this litigation.

1. <u>Introduction, Scope, and Applicability.</u> This Confidentiality Agreement and Protective Order shall govern all documents and information exchanged (whether in writing, electronic, or other form) during this action, including, but not limited to, documents produced by the Parties or non-parties, deposition testimony, interrogatory answers, and responses to requests for admission, including materials identified in Paragraph 8 below, for which confidentiality is claimed. The documents and information governed by this Confidentiality Agreement and Protective Order shall be collectively referred to as "Confidential Material."

This Confidentiality Agreement and Protective Order is applicable to the Parties, and any non-parties or potential future parties involved in this litigation. It is further applicable to the Parties' attorneys, agents, representatives, officers, and/or employees, to all consultants retained

EX. A

by any party or Parties' attorneys, to all signatories to Ex. A, and to all other persons authorized under this Order or any other Order of this Court to receive or review Confidential Material.

2. <u>Definitions of Confidential Material.</u>  Confidential Material, as used in this Confidentiality Agreement and Protective Order, consists of material that a Party or its counsel designates as confidential based upon a good-faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature.  Any material produced by a non-Party in this Action, pursuant to subpoena or otherwise, may be designated by such non-Party or by any Party or counsel for any Party as "Confidential Material" under the terms of this Confidentiality Agreement and Protective Order.  Confidential Material may include information of whatever kind, including but not limited to written information and information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electronic, optical, and magnetic disks and files if the designating party has a good-faith belief that the designation is appropriate under the Federal Rules of Civil Procedure.

3. <u>Designation of Confidential Material.</u>  To designate information as confidential, the producing party shall, in good faith, mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Subject to Paragraph 11 below, the counsel for all Parties shall, in good faith, meet and confer as to disputes concerning Confidential Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before seeking intervention from the Court.  The Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such

copies shall become subject to the same protections as the Confidential Material from which those copies were made.

Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

A document discussed during or attached as an exhibit to a deposition does not gain a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if only the deposition transcript is designated, in whole or in part, as "Confidential" or "Highly Confidential

– Attorneys' Eyes Only." Similarly, a document designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is discussed during or attached as an exhibit to a deposition does not lose a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if the deposition transcript is not designated, in whole or in part, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Except with the prior consent of the producing party or upon prior order of this Court, which authority the Court may invoke at any time, Confidential Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Confidentiality Agreement and Protective Order, as amended by the parties' mutual agreement or at the Court's discretion.

4. <u>Limitations on Use of Confidential Material.</u>  Subject to Paragraph 5 of this Agreement, no Confidential Material shall, without prior written consent of the designating party: (a) be disclosed, to anyone other than the Court and the persons and entities specified in Paragraph 5 hereof; or (b) be used by anyone other than the designating party for any purpose whatsoever other than the prosecution or defense of this litigation.

Unless specifically provided otherwise in this Order, each Authorized Person identified in Paragraph 5 below (other than the Court and its staff) who has possession or control of Confidential Material (including any person or entity acting on behalf of, or for the benefit of, such Authorized Person as permitted in this Order):  (i) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted.

5. <u>Limitations on Persons Authorized to Have Access to Confidential Material.</u> Access to and disclosure of Confidential Material shall be limited to Authorized Personnel listed in this paragraph and shall not be provided, shown, made available or communicated in any way to any other person or entity. Authorized Personnel are:

(a) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(i) Counsel for a Party, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

(ii) Consulting and testifying experts retained by any party. A party desiring to disclose Confidential Material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A;

(iii) The Court, the Court's staff, and the jury in this litigation;

(iv) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(v) Any person (a) who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium or who has been identified in writing by the designating party as having been provided with the document, information therein or tangible medium. Such persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium;

(vi) Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A; and

    (vii) Any other person mutually-agreed upon by the Parties, provided that such person has been informed of this Confidentiality Agreement and Protective Order and has signed a copy of Exhibit A.

  (b) "CONFIDENTIAL"

    (i) Counsel for a Party, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

    (ii) The Parties, including corporate representatives who have been informed of this Confidentiality Agreement and Protective Order and has signed a copy of Exhibit A;

    (iii) Outside experts or outside consultants for any party, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs of those outside experts or outside consultants whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding. However, outside experts or outside consultants, as used in this paragraph, shall not include any employee of the receiving party. A party desiring to disclose Confidential Material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A;[1]

    (iv) The Court, the Court's staff, and the jury in this litigation;

    (v) Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation;

---

[1] Counsel making such disclosure shall retain executed *Written Acknowledgments to Abide by the Terms of the Stipulation and Protective Agreement Regarding Confidentiality* during the pendency of this litigation. Should an instance occur where documents subject to this Order are publicly disseminated, counsel for each party shall file all executed Acknowledgements with the Court for an *in camera* review.

    (vi) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

    (vii) Any person (a) who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium or who has been identified in writing by the designating party as having been provided with the document, information therein or tangible medium.  Such persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium;

    (viii) Unless a witness is the author or a recipient of the document, a witness at a deposition or pre-trial hearing, if it is reasonable to believe that the witness will give relevant testimony regarding the Confidential Material to be disclosed or that disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A or consents under oath on the record to abide by the requirements in Exhibit A;

    (ix) Any other person mutually-agreed upon by the Parties, provided that such person has been informed of this Confidentiality Agreement and Protective Order and has signed a copy of Exhibit A; and

    (x) Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A.

  7. <u>Party's Own Information.</u>  The restrictions on the use of Confidential Material established by this Confidentiality Agreement and Protective Order are applicable only to Confidential Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is free to do whatever it desires with its own Confidential Material.

8. <u>Related Material.</u>  The restrictions on the use of Confidential Material established by this Confidentiality Agreement and Protective Order shall extend to: (i) all copies, extracts and complete or partial summaries prepared from such Confidential Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any Confidential Material, copies, extracts, or summaries, provided that such writings are identified as containing Confidential Material and are marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as required in Paragraph 3.

9. <u>Filing of Documents Under Seal.</u>  Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version filed in CM/ECF using the Civil or Criminal RESTRICTED event-> Sealed Document. The redacted version of a confidential filing may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

10. <u>Use of Confidential Material at Hearing or Trial.</u>  At any hearing or trial relating to this proceeding, subject to the rules of evidence and order of the Court, a party may use any Confidential Material for any purpose related to the subject of the hearing or trial.

11. <u>Challenge to Designation.</u>  In the event that the party receiving Confidential Material disagrees with the designation by the producing or designating party or disagrees with the designation of deposition testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then the Parties initially will try to resolve the dispute on an informal basis.  In presenting its challenge(s), the objecting party shall advise the designating party, in writing, of the

specific Confidential Material (identified by Bates number, if applicable) to which each objection pertains and the specific reasons and support for such objections. If the Parties are unable to resolve such a dispute informally within ten (10) business days, the receiving party may apply to the Court for relief. Any such disputed items shall be treated as Confidential Material, as designated, and subject to the protections of this Order unless and until the Court determines otherwise. No party shall be obligated to challenge the propriety of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, and failure to do so shall not constitute an admission that any item or information is in fact Confidential Material or a waiver of the right to do so at a subsequent time.

12. <u>Other Protections.</u> This Confidentiality Agreement and Protective Order shall not preclude any party from seeking additional protection with respect to Confidential Material as that party deems appropriate. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Confidential Material otherwise prohibited by this Confidentiality Agreement and Protective Order. This Confidentiality Agreement and Protective Order shall not be construed as a waiver by any party of objections, with the exception of confidentiality, relating to the disclosure or production of documents or other information.

13. <u>Subpoena by Other Courts or Agencies.</u> If another court or an administrative agency subpoenas or orders production of the Confidential Material which a party has obtained under the terms of the Confidentiality Agreement and Protective Order, the party shall notify the designating party's counsel in writing of each such subpoena or order within three (3) business days of receipt of the subpoena or order, shall not disclose any Confidential Material prior to the date specified for production, and shall not oppose or otherwise interfere with any effort by the designating party to oppose or seek to limit the subpoena or order.

14. <u>Inadvertent Disclosure of Confidential Material to Others and Enforcement.</u>

If Confidential Material is inadvertently disclosed by an Authorized Person to any person other than in the manner authorized by this Confidentiality Agreement and Protective Order or if an Authorized Person becomes aware of an attempt to hack or otherwise gain unauthorized access to a system containing Confidential Material (jointly, "Unauthorized Actions"), the Authorized Person shall immediately bring all pertinent facts relating to the Unauthorized Actions to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any party, make a good faith effort to retrieve such material and to prevent further Unauthorized Actions. Should initial good faith efforts to retrieve such material and prevent further Unauthorized Actions fail, counsel for the affected Parties may then meet and confer, in good faith, as to additional actions necessary for retrieving and protecting the Confidential Material.

The Parties agree that any alleged violation of this Confidentiality Agreement and Protective Order shall be presented for decision by the Court by noticed motion with an opportunity to respond. All persons receiving or given access to Confidential Material in accordance with the terms of this Confidentiality Agreement and Protective Order consent to the jurisdiction of the Western District of Arkansas for the purposes of enforcing this Confidentiality Agreement and Protective Order and remedying any violations thereof.

15. <u>Protocols Regarding Privileged or Work Product Material.</u>

Unintentionally Disclosed Privileged Information. If a disclosing party unintentionally produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege ("Disclosed Privileged Information"), such inadvertent disclosure shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information or its subject matter.

Disclosed Privileged Information shall receive the maximum protection afforded by F.R.E. 502(d). Under F.R.E. 502(d) and 28 U.S.C. § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. In addition, the disclosing person may give written notice to the receiving party that the document or thing is deemed privileged and that return of the document or thing is requested. Upon such written notice or upon recognizing that Disclosed Privileged Information reasonably appears to be privileged, the receiving party shall not copy, distribute, or otherwise use such materials in any manner and shall immediately gather the original and all copies of the document or thing of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party. Return of the document by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned documents or things. On any motion, Disclosed Privileged Information shall be filed or lodged conditionally under seal solely for the Court's *in camera* review, the fact or circumstances of the production of Disclosed Privileged Information shall not be used as a ground for entering an order, and the moving party shall not use the contested Disclosed Privileged Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

16. <u>Privilege Logs.</u> In accordance with Rule 26(b)(5)(A), privilege logs provided in lieu of producing requested documents shall be produced no more than thirty (30) days after the date upon which the documents would have been required to be produced. Privilege logs shall be

produced in native Excel format. It is the purpose of the privilege log to supply an opposing party sufficient information about withheld or redacted documents that the designation as privileged can be challenged. The Parties should meet and confer to determine if a categorical log is appropriate.

No party shall be required to list on a privilege log documents prepared for the prosecution or defense of this action or constituting or disclosing communications between clients and their counsel related to this action, unless such documents and communications predate the action. With respect to partially-privileged documents produced in redacted form, such documents shall be included in the privilege log.

17.     <u>Conclusion of the Action.</u>  Upon the final conclusion of this matter, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), all Confidential Materials, including any copies thereof, shall be returned to the producing party or destroyed. Upon request by the producing party, a letter attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and by counsel for each Party and delivered to all Parties within 120 days after the final conclusion of the action, including any appeal.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product (including an index that refers or relates to Confidential Materials, copies of Confidential Materials filed as part of briefs, letters, motions, or other papers, copies of Confidential Materials attached to transcripts of the proceedings in this action, and copies of Confidential Materials containing work-product or notes). In addition, notwithstanding the above requirements to return or destroy documents, in the event that any Confidential Materials are stored in a format that is not readily accessible to the receiving party ("Restricted Data"), the Restricted Data may be maintained after the conclusion of the action.

18. <u>Waiver or Termination.</u>  The provisions of this Confidentiality Agreement and Protective Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court.  Termination of the proceedings shall not relieve any person from the obligations of this Confidentiality Agreement and Protective Order, unless the Court orders otherwise.  This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.

19. <u>Notice.</u>  All notices required by this Confidentiality Agreement and Protective Order are to be served via email to the appropriate attorney(s), for Plaintiff: Matthew A. Kezhaya of Crown Law, and for Defendant: Michael N. Shannon and Sarah Keith-Bolden of Quattlebaum Grooms & Tull PLLC.  The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the email was received unless received after 4:00 p.m. Central Time.  Service after 4:00 p.m. Central Time shall be deemed served the following day.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Confidential Material under this Order.

20. <u>Other Proceedings.</u>  Any person or party subject to this Order who becomes subject to a motion to disclose another party's Confidential Material shall notify the other party of the motion within three (3) business days of the filing of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. Furthermore, Confidential Material shall not be provided to counsel or the parties in any other proceeding without the written consent of the producing party.

It is so ORDERED.

Signed this _____ day of _____, 2023.

                                          THE HON. TIMOTHY L. BROOKS
                                          UNITED STATES DISTRICT JUDGE

CROWN LAW
Matthew A. Kezhaya (Ark. Bar No. 2014161)
Nicholas Henry (pro hac vice)
100 S. Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel.: (479) 431-6112
matt@crown.law


By: /s/ Matthew A. Kezhaya

*Attorneys for Plaintiff*


QUATTLEBAUM, GROOMS & TULL PLLC
Michael N. Shannon (Ark. Bar No. 92186)
Sarah Keith-Bolden (Ark. Bar No. 2007135)
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
mshannon@qgtlaw.com
sbolden@qgtlaw.com


By: /s/ Sarah Keith-Bolden

*Attorneys for Lamar Advantage GP Company, LLC and*
*Lamar Advantage Holding Company*

14

# EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND PROTECTIVE AGREEMENT REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I am fully familiar with the terms of the agreed Confidentiality Agreement and Protective Order concerning confidentiality that was entered into by the Parties in connection with *The Satanic Temple, Inc. v. Lamar Advantage GP Company, LLC and Lamar Advantage Holding Company*, Case No. 5:22-CV-5033-TLB in the United States District Court for the Western District of Arkansas, and hereby agree to be bound by the terms and conditions of the Confidentiality Agreement and Protective Order, even after this litigation concludes.  I further swear that I am reviewing Confidential Material solely for the purposes of the above-referenced litigation, and that, except as authorized in the Confidentiality Agreement and Protective Order, I shall not disclose Confidential Material, in any form whatsoever, to others.  I further swear that I shall return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Confidentiality Agreement and Protective Order.  I attest to my understanding that, if I fail to abide by the terms of the Confidentiality Agreement or Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I hereby consent to the jurisdiction of the Western District of Arkansas, for the purposes of enforcing the Confidentiality Agreement and Protective Order.

I am employed by _____ and my title is _____.

Dated: _____       By: _____
                                                                                       (signature)