# 5:22-CV-5033-TLB

I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT OF</small>
W<small>ESTERN</small> A<small>RKANSAS</small>
F<small>AYETTEVILLE</small> D<small>IVISION</small>

The Satanic Temple, Inc.
*Plaintiff*

*v.*

Lamar Media Corp., Lamar Advantage GP Company, LLC; Lamar Advantage Holding Company; and Lamar Advertising Company

*Defendants.*

## P<small>LAINTIFF'S</small> B<small>RIEF IN</small> S<small>UPPORT OF</small> M<small>OTION TO</small> E<small>XCLUDE</small> E<small>XPERT</small> T<small>ESTIMONY</small>



**Matt Kezhaya**      matt@crown.law
Ark. # 2014161         direct: (479) 431-6112
Minn. # 0403196     general: (612) 349-2216

100 S. Fifth St., Ste 1900, Minneapolis, MN 55402

# INTRODUCTION

The testimony of Defendant's expert, Clint Albright, is inadmissible under FRE 702 because Mr. Albright has not established himself as an expert and has not provided any basis to believe his evidence is reliable.

# ARGUMENT

## 1: Argument for Exclusion under FRE 702

Mr. Albright's opinions should be excluded under FRE 702 because there is no evidence that he satisfies the requirements to serve as an expert on the subject matter for which he gives opinions, or that he has applied a reliable methodology for arriving at his opinions. Expert testimony must meet three prerequisites in order to be admitted under Fed. R. Evid. 702: (1) the testimony must be grounded on scientific, technical, or other specialized knowledge useful to the finder of fact; (2) the witness must be qualified; and (3) the evidence must be reliable. *Saunders v. Wilder Bros. Sawmill, Inc.*, No. 2:05CV00219-WRW, 2007 WL 9735876, at *2 (E.D. Ark. Aug. 8, 2007) (citing *Lauzon v. Senco Products, Inc.,* 270 F.3d 681 (8th Cir.

2001).

*1.1: Mr. Albright's testimony is not grounded on scientific, technical, or other specialized knowledge useful to the finder of fact.*

An expert must be qualified in the specific subject area that forms the basis of the expert's opinion, not just an expert within the realm of the subject matter. (see, for example, *Rheinfrank v. Abbott Labs., Inc.*, 680 Fed. App'x 369, 380 (6th Cir. 2017) (medical experts not qualified to answer regulatory questions where they had neither specialized training nor professional experience); *Higgins v. Koch Dev., Inc.*, 794 F.3d 697 (7th Cir. 2015) (treating physician not qualified to testify as to effects of chlorine gas exposure); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008) (where a patent expert was not also a qualified technical expert, their testimony on technical issues was improper); *Ojmar US, LLC v. Sec. People, Inc.*, 2018 WL 3008872, at *2 (N.D. Cal. June 15, 2018) (same); *Krause v. CSX Transp.*, 984 F. Supp. 2d 62, 79 (N.D.N.Y. 2013) (despite experience in the railroad industry witness was not

qualified to give opinions about railroad workers' stress, fatigue, and hunger levels)). Here, Mr. Albright has based his opinions on "30+ years in the advertising industry in Arkansas." Upon this expertise he has formulated the following opinions:

1. "The previous messages were positive in nature. The September 2020 messages, however, would pose significant risks to Lamar and The Satanic Temple if run in Arkansas or similar states."
2. "The promotion of an 'abortion ritual' by any entity would be concerning. The promotion of an 'abortion ritual' by a group identified as 'The Satanic Temple' would be even more concerning. In my opinion as an advertising professional, many viewers of the proposed ad copy would view promotion of an 'abortion ritual' as highly offensive."
3. "The ad copy proposed by The Satanic Temple also advocates that participation in the ritual or becoming a 'Satanist' allows abortion on demand' and/or 'the avoidance of many state restrictions.' As such, it is promoting the ability to ignore state laws which many viewers are also likely to find offensive."
4. Whether true or not, the imagery promoted in the ad copy is likely to conjure up ideas of rituals with a woman and a baby that could be Satanic in nature. Such a toxic response from viewers could lead to unintended, and perhaps violent, attacks against The Satanic Temple and/or Lamar.
5. It is common for media companies including newspapers, magazines, television, radio, outdoor, etc. to retain the right to approve the ad copy run by their customers on the media outlets. I have witnessed occasions where customers became so upset regarding a particular advertisement run by a media outlet, they choose to take their business elsewhere in the future.

6. Lamar prominently includes its name underneath the ad copy on each of its billboards. In my opinion, many viewers of the ad copy proposed by The Satanic Temple would be upset/angry with Lamar for allowing such ads on its billboards. This could lead to loss of business for Lamar or even some form of physical response such as damage to their billboard signs or sales offices.

Nowhere in his expert testimony does Mr. Albright establish that his 30+ years of experience in the advertising industry has provided expertise that would heighten his understanding of the facts or assist the trier of fact in arriving at their conclusions. An expert on the subject matter should take efforts to objectively explain how the ads pose a risk, why people would view the ads as highly offensive, how the ads might cause a violent response, or perhaps provide examples. Simply put, without some articulation that evidences how his 30+ years in the advertising industry has qualified him in this matter, his general experience in the field does not establish that he is an expert on the subject at hand.

*1.2: Mr. Albright has not presented reliable evidence.*

A court should not admit opinion evidence that "is connected to

existing data only by the *ipse dixit*[1] of the expert." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "When the analytical gap between the data and proffered opinion is too great, the opinion must be excluded." *Id*. Here, Mr. Albright does not articulate in the slightest the underlying methodology upon which his opinions are based. He has made naked assertions, presuming that his experience makes his opinions reliable. He does not point to any third party source of information, scientific or behavioral research, or even parallel examples from his 30+ years of experience. His evidence is therefore unreliable and inadmissible.

## CONCLUSION

Mr. Albright's testimony is a series of bare opinions given without any evidence that his 30+ years of experience raises his insights above the ken of a lay person. Therefore, his testimony must be excluded under FRE 702.

---

[1] Blacks Law Dictionary 847 (8th ed. 2004) ("Something asserted but not proved.").



| | |
|---|---|
| **Matt Kezhaya** | <u>matt@crown.law</u> |
| Ark. # 2014161 | direct: <u>(479) 431-6112</u> |
| Minn. # 0403196 | general: <u>(612) 276-2216</u> |

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, submitted for electronic filing the foregoing document by uploading it to Court's CM/ECF system on March 3, 2023. The CM/ECF system sends notification to all counsel of record. */s/ Matthew Kezhaya*