**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**THE SATANIC TEMPLE, INC.**                                           **PLAINTIFF**

**V.**                                    **CASE NO. 5:22-CV-5033-TLB**

**LAMAR ADVANTAGE GP COMPANY, LLC,
LAMAR ADVANTAGE HOLDING COMPANY, and
LAMAR ADVERTISING COMPANY**                              **DEFENDANTS**


**EXHIBIT 3 TO
DEFENDANTS' RESPONSE TO THE SATANIC TEMPLE, INC.'S
MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

# 5:22-CV-5033-TLB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**The Satanic Temple**, Inc.
*Plaintiff*

*v.*

**Lamar** Media Company,
**Lamar** Advantage GP Company, LLC, and
**Lamar** Advantage Holding Company
*Defendants.*

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' DISCOVERY REQUESTS



**Matt Kezhaya**                    **matt@crown.law**
Ark. # 2014161                 direct: (479) 431-6112
Minn. # 0403196               general: (612) 349-2216
**Nicholas Henry**                  **nick@crown.law**
Minn: # 0395850                direct: (612) 895-3186
                               general: (612) 349-2216

100 S. Fifth St., Suite 1900, Minneapolis, MN 55402

**EXHIBIT 3**

COMES NOW Plaintiff, by and through counsel of record, with responses to Defendants' first interrogatories and requests for production to Plaintiff.

**INTERROGATORY NO. 1:** Describe how The Satanic Temple is governed, including a description of the employees, principals, officers, boards, committees, or other people or bodies that make decisions on behalf of The Satanic Temple.

**ANSWER:** The Satanic Temple ("TST") objects to this Interrogatory as overly broad and unduly burdensome and disproportionate to the needs of this case. TST also objects on the basis that this Interrogatory seeks information that is protected by First Amendment Associational Privilege. *See NAACP,* 357 U.S. at 462. TST members are at real risk of retaliation for their involvement in TST. TST co-founders regularly receive death threats. Subject to and without waiving said objections, TST States as follows:

TST can be more specifically identified as "The Satanic Temple, Inc." which is a Massachusetts corporation. Malcom Jarry and Lucien Greaves co-founded TST.

To the extent the request seeks to discover information about agents of TST, the request is not proportional to the needs of the case because TST is a complex and international organization with consisting of more than 750,000 members who belong to local chapters dispersed throughout the world and whose leadership structure is in constant flux.

Compounding the difficulty of adhering to the request, individual participants of TST very often have pseudonyms to protect their safety. The volume of information sought is overwhelming and has no passable bearing on the questions of this case. Not only is the information sought onerous to procure in the first place, Rule 26 requires ongoing supplementation. Every time a volunteer steps down from, or steps up to, a leadership position would require a new supplementation.

**INTERROGATORY NO. 2:**   List the name, title or office, address, and phone number of each person who held any position listed in response to Interrogatory No. 1 in August and September of 2020.

**ANSWER:**   TST objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case. TST further objects because this Interrogatory seeks information protected by the Associational privilege asserted in TST's answer to Interrogatory No. 1. Absent an order from the Court, TST will not answer this interrogatory.

**INTERROGATORY NO. 3:**   State whether the Satanic Abortion Ritual has been advertised by billboard or through any other media and, if so, (a) provide the Bates number assigned to each advertisement in your production of documents, (b) state the name and address of any company involved in designing, developing, airing, publicizing, and/or displaying each advertisement, (c) describe the geographic location or range of each advertisement, and (d) provide

the date(s) each advertisement was displayed, aired, or otherwise made public.

**ANSWER:** TST objects to this interrogatory on the basis that it is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks information that is beyond the scope of discovery in this matter. Subject to and without waiving said objection, TST states as follows: TST is in the process of gathering the information in more detail and will supplement its answer to this Interrogatory. TST placed billboards in: Texas (Houston and Dallas), Florida (Miami) and Arizona (Phoenix). Investigation and Discovery is ongoing.

**INTERROGATORY NO. 4:** State whether you have been involved in any advertising campaigns other than those referenced in response to Interrogatory No. 1 since January 1, 2018, and, if so, (a) provide the Bates number assigned to each advertisement in your production of documents, (b) state the name and address of any company involved in designing, developing, airing, publicizing, and/or displaying each advertisement, (c) describe the geographic

location or range of each advertisement, and (d) provide the date(s)
each advertisement was displayed, aired, or otherwise made public.

**ANSWER:**  TST cannot answer this Interrogatory as written be-
cause Interrogatory No. 1 does not ask about advertising cam-
paigns. Notwithstanding this, TST objects to this interrogatory on
the basis that it is overly broad, unduly burdensome, disproportion-
ate to the needs of this case and seeks information that is beyond the
scope of discovery in this matter. TST reserves the right to supple-
ment this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 5:**  Describe your efforts to identify
ways to advertise the Satanic Abortion Ritual on billboards or
through any other media.

**ANSWER:**  TST objects to the language "or through any other me-
dia." This lawsuit is about billboards. Any request for information
that does not pertain to billboards is overly broad, unduly burden-
some, and is beyond the scope of relevant discovery. Subject to and
without waiving said objection, TST states as follows: TST made
no other efforts other than those described in the amended

complaint. TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 6:** List the name, address, and telephone number of each person who was involved in your efforts to advertise the Satanic Abortion Ritual and describe the nature of each person's involvement.

**ANSWER:** TST objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, disproportionate to the needs of this case and seeks information that is beyond the scope of discovery in this matter. TST further objects because this Interrogatory seeks information protected by the Associational privilege asserted in TST's answer to Interrogatory No. 1. Subject to and without waiving said objection, TST states as follows:

Jacqueline Basulto
jacqueline@seedx.us

TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 7:**  Provide the name, address, and telephone number of each person (including but not limited to representatives of The Satanic Temple and/or SeedX) involved in the "diligent [] search[] for alternative suitable billboards" referenced in Paragraph 74 of the Amended Complaint (Doc. 3) and, for each person listed, describe each person's involvement in the search.

**ANSWER:**  TST objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, disproportionate to the needs of this case and seeks information that is beyond the scope of discovery in this matter. TST further objects because this Interrogatory seeks information protected by the Associational privilege asserted in TST's answer to Interrogatory No. 1. TST further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is beyond the scope of relevant discovery. Subject to and without waiving said objection, TST states as follows:

Matthew Kezhaya

Michael Shannon

Jacqueline Basulto
jacqueline@seedx.us

TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 8:**   List the name, address, company, and telephone number of each person you or any person working on your behalf contacted in connection with the "diligent [] search[] for alternative suitable billboards" referenced in paragraph 74 of the Amended Complaint (Doc. 3).

**ANSWER:**   See response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**   Describe the geographic area involved in the "diligent [] search [] for alternative suitable billboards" referenced in Paragraph 74 of the Amended Complaint (Doc. 3).

**ANSWER:**   See TST's Amended Complaint. Broadly speaking, TST conducted its search throughout Arkansas and Indiana. TST

reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 10:**  List the name and address of each "fake abortion clinic" referenced in Paragraph 42 of the Amended Complaint (Doc. 3).

**ANSWER:** TST objects to this Interrogatory on the basis that it is onerous, unduly burdensome, and disproportionate to the needs of this case and seeks information that is beyond the scope of discovery in this matter. TST further objects on the basis that this Interrogatory seeks information that is easily discoverable by a simple internet search. See: [https://letmegooglethat.com/?q=Crisis+Pregnancy+Centers+Arkansas](https://letmegooglethat.com/?q=Crisis+Pregnancy+Centers+Arkansas). TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 11:**  Describe the steps taken by you and/or SeedX to identify the billboards referenced in Paragraph 42 of the Amended Complaint (Doc. 3).

**ANSWER:**  TST objects to this interrogatory on the basis that it seeks information that is not within TST's possession or control.

Subject to and without waiving said objection, TST hired SeedX to provide its professional services to TST. TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 12:**   Describe your attempts to lease space on the Arizona billboard referenced in Paragraph 99 of the Amended Complaint (Doc. 3) to any person or entity.

**ANSWER:**   TST objects to this Interrogatory on the basis that it is onerous, overly broad, unduly burdensome, disproportionate to the needs of this case and seeks information that is beyond the scope of discovery in this matter. Subject to and without waiving said objection, TST did not attempt to lease the space on the Arizona billboard because TST wanted to post its own message on that space. Leasing it to another party would be counter to TST's objective. TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.

**INTERROGATORY NO. 13:**   State whether you have leased or otherwise provided space on the billboard referenced in Paragraph 99 of the Amended Complaint (Doc. 3) to any person or entity and,

if so, provide the following information regarding each such third

party:  (a) the third party's name, (b) the dates the third party leased

or was otherwise provided space on the billboard, and (c) the total

amount paid by the third party for the use of the billboard and the

payment terms (e.g. $500 per month).

**ANSWER:**   See answer to Interrogatory No. 12.

**INTERROGATORY NO. 14:**   List the name, address, and phone

number of each person involved in the creation of the Satanic Abor-

tion Ritual and describe the nature of each person's involvement.

**ANSWER:**   TST objects because this Interrogatory is beyond the

scope of relevant discovery, disproportionate to the needs of the

case, and seeks information protected by the Associational privilege

asserted in TST's answer to Interrogatory No. 1. Absent an order

from the Court, TST will not answer this interrogatory.

**INTERROGATORY NO. 15:**   Describe your efforts to determine

whether the proposed billboard designs referenced in Paragraph 69

of the Amended Complaint (Doc. 3) met community standards.

**ANSWER:** With respect to TST's efforts, TST started with the First Amendment to the U.S. Constitution and did not get past the Arkansas Civil Rights Act. TST further objects to this Interrogatory because the burden rests with the Defendant to first assert and then substantially demonstrate that any given advertising runs afoul of community standards.

**INTERROGATORY NO. 16:** Describe the basis for the assertion in Paragraph 81 of the Amended Complaint (Doc. 3) that "Lamar holds a monopoly on suitable billboard locations."

**ANSWER:** See Paragraphs 88 through 93 and Paragraph 98 of Plaintiff's Amended Complaint. TST did not conduct this inquiry directly. TST reserves the right to supplement this answer. Investigation and Discovery is ongoing.


As to Answers                          */s/ Malcom Jarry*
                                       Malcolm Jarry


As to Objections                       */s/ Nicholas Henry*
                                       Nicholas Henry



**Nicholas Henry**                          **nick@crown.law**
Minn. # 0395850                      direct: (612) 895-3186
(Pro Hac Vice pending)              general: (612) 349-2216

100 S. Fifth St., Suite 1900, Minneapolis, MN 55402