# 5:22-CV-5033-TLB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

The Satanic Temple, Inc.
*Plaintiff*

*v.*

Lamar Media Corp., Lamar Advantage GP Company, LLC;
Lamar Advantage Holding Company; and
Lamar Advertising Company

*Defendants.*

## PLAINTIFF'S DAUBERT REPLY



**Matt Kezhaya**
Ark. # 2014161
Minn. # 0403196

matt@crown.law
direct: (479) 431-6112
general: (612) 349-2216

100 S. Fifth St., Ste 1900, Minneapolis, MN 55402

## INTRODUCTION

The plaintiff, The Satanic Temple, Inc. (TST), respectfully submits this reply to the defendants' response to TST's motion *in limine* to exclude expert testimony. The defendants' reliance on Clint Albright's testimony, based on his experience in the advertising industry, fails to satisfy the Daubert standard, as it does not adequately demonstrate the reliability of his conclusions and the connection between his experience and the opinions proffered.

## ARGUMENT

### 1: Albright's assertion of experience is insufficient.

The defendants argue that Albright's experience in the advertising industry qualifies him to testify on how TST's proposed advertisement would have been received by the community and the ramifications to the defendants of posting TST's proposed ads. However, as per the *Daubert* standard, the focus should be on the principles and methodology underlying expert opinion testimony, not merely the conclusions generated or the expert's experience. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595.

Experience alone may or may not be enough to qualify an expert witness. *See United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). An expert relying primarily on experience must explain how that experience leads to the conclusion reached, why it is a sufficient basis for the opinion, and how it is reliably applied to the facts. Id. The Committee Note to the 2000 Amendments of Rule 702 expressly says that, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed.R.Evid. 702 advisory committee's note (2000 amends); see also *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (on remand), 43 F.3d 1311, 1316 (9th Cir.1995) (observing that the gatekeeping role requires a district court to make a reliability inquiry, and that "the expert's bald assurance of validity is not enough").

For this reason, Plaintiff argued in their motion that "[a]n expert

on the subject matter should take efforts to objectively explain how the ads pose a risk, why people would view the ads as highly offensive, how the ads might cause a violent response, or perhaps provide examples." The court cannot just take Albright's word for it because he has 30+ years of advertising. If indeed these 30+ years of experience provided him with special knowledge on the matter, his testimony should provide insight other than his bare assertions. Instead, Albright relies exclusively on his experience making him the authority and provides zero insight into his methodology, simply stating: "Based upon my review of the proposed ad copy from The Satanic Temple and Lamar's contract, I have the following opinions based upon my 30+ years in the advertising industry in Arkansas." (Albright Report, at 1).

Albright's testimony fails to provide a clear and reliable methodology, with an appropriate connection between his experience and the conclusions he reaches in this case. The defendants have not demonstrated that Albright's testimony is connected to existing data or methodology, rather than being based solely on his subjective

belief or unsupported speculation.

## CONCLUSION

The defendants have failed to demonstrate that Clint Albright's testimony satisfies the *Daubert* standard. Experience notwithstanding, his opinions lack a clear and reliable methodology and an appropriate connection to the facts of the case. Therefore, the plaintiff respectfully requests that the Court grant TST's motion *in limine* to exclude Albright's expert testimony.



| **Matt Kezhaya** | matt@crown.law |
|---|---|
| Ark. # 2014161 | direct: **(479) 431-6112** |
| Minn. # 0403196 | general: **(612) 276-2216** |

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, submitted for electronic filing the foregoing document by uploading it to Court's CM/ECF system on April 7, 2023. The CM/ECF system sends notification to all counsel of record.  */s/ Matt Kezhaya*